UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

U2 HOME ENTERTAINMENT, INC.,          Case No. 07-CV-6013 (DLC) (MHD)

                    Plaintiff,         **ANSWER AND**
                                          **COUNTERCLAIM**

        - vs. -

WEI PING YUAN a/k/a WEI PING YUEN, HUNG
MUI YUEN a/k/a HUNG MUI YUAN, YEE MUI
LEE, SHUEMAN WONG, CHUN HIU LAM, CHI
TING CHAN, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. and THE
HEMISPHERE NATIONAL BANK n/k/a
REPUBLIC FEDERAL BANK,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

     Defendant THE HEMISPHERE NATIONAL BANK n/k/a REPUBLIC

FEDERAL BANK ("Republic Federal") responds to the Complaint of Plaintiff, U2

HOME ENTERTAINMENT, INC. ("U2"), as follows:

     FIRST:        Defendant Republic Federal denies all of the allegations contained

in paragraphs designated "1," "13," "26," "28," "29," "31," "32," "33," "51" and "52" of

the Complaint of Plaintiff.

     SECOND:    Defendant Republic Federal admits the allegations contained in

paragraphs designated "2," "3," "12," "17," "23," "49" and "50" of the Complaint of

Plaintiff.

     THIRD:      Defendant Chase lacks sufficient information to form a belief and

therefore denies the allegations contained in paragraphs designated "4," "5," "6," "7," "8,"

"9," "10," "11," "14," "15," "16," "18," "19," "25," "35," "36," "37," "39," "40," "41,"

"43," "44," "45," and "46" of the Complaint of Plaintiff.

FOURTH:    Defendant Republic Federal denies all of the allegations contained in paragraphs designated "20" of the Complaint of Plaintiff, except Defendant Republic Federal specifically admits that Defendant WEI PING YUAN a/k/a WEI PING YUEN ("Yuan") acquired a one-third (1/3) interest in the property commonly known as 1545 74th Street, Brooklyn, New York and identified as Block 6202 Lot 60 on the Tax Map of the City of New York ("the Property") by deed from SHUET MUI AU-YUENG dated July 31, 2001, for a reported consideration of $133,750.00.

FIFTH:    Defendant Republic Federal denies all of the allegations contained in paragraphs designated "21" of the Complaint of Plaintiff, except Defendant Republic Federal specifically admits that Defendant Yuan transferred his one-third (1/3) interest in the Property to Defendant HUNG MUI YUEN ("Yuen") and Defendant YEE MUI LI s/h/a YEE MUI LEE ("Lee") by deed acknowledged June 20, 2005 and delivered June 30, 2005.

SIXTH:    Defendant Republic Federal denies all of the allegations contained in paragraphs designated "22" of the Complaint of Plaintiff, except Defendant Republic Federal specifically admits that Defendant Yuen and Defendant Lee transferred their interests in the Property to Defendants SHUEMAN WONG ("Shueman Wong"), CHUN HUI LAM ("Lam"), CHI TANG CHAN ("Chan") and SHUEYIN WONG ("Shueyin Wong"), for a reported consideration of $1,185,000.00, by deed dated October 18, 2005 and recorded in the Office of the City Register for Kings County on October 31, 2005.

SEVENTH:    Defendant Republic Federal repeats, realleges and reiterates each and every denial to each and every paragraph referred to in paragraphs designated "24,"

"30," "34," "38," "42" and "47" of the Complaint of Plaintiff with the same force and effect as if set forth in full here.

EIGHTH:    Defendant Republic Federal denies all of the allegations contained in paragraphs designated "27" of the Complaint of Plaintiff, except Defendant Republic Federal specifically admits that there was a judgment of record in favor of Plaintiff and against Defendant Yuan at the time the designated transfers were made.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

NINTH:    Defendant Yuen, Defendant Lee and non-party SHUET AU-YEUNG ("Au-Yeung") took title to the Property by deed from M D M ASSOCIATES, INC. dated July 21, 1998, which was recorded on September 28, 1998 in the Office of the City Register of Kings County ("the M D M Deed").

TENTH:    Inasmuch as there was no language to the contrary in the M D M Deed, Defendant Yuen, Defendant Lee and Au-Yeung each acquired an undivided one-third (1/3) interest in the Property, as tenants in common.

ELEVENTH: Au-Yeung subsequently transferred his one-third (1/3) interest in the Property to Defendant Yuan by deed dated July 31, 2001, which was recorded in the Office of the City Register of Kings County on September 5, 2001 ("the Au-Yeung Deed").

TWELFTH:    As a result of the foregoing, Defendant Yuan was only ever vested with an undivided one-third (1/3) interest in the Property.

THIRTEENTH:    Accordingly, the deed from Defendant Yuan to Defendant Yuen and Defendant Lee only served to transfer his one-third (1/3) interest to his two

fellow tenants in common, whose ownership interests in the Property predated his own, and who were not named in the judgment held by plaintiff.

FOURTEENTH:        As a result of the foregoing, Plaintiff would only have been able to execute upon its judgment as to a one-third (1/3) interest in the Property, even if Defendant Yuan had never transferred his interest in the Property to Defendant Yuen and Defendant Lee.

FIFTEENTH: As a further result of the foregoing, any interests acquired by the other Defendants subsequent to the Plaintiff's judgment are good and valid to the extent of at least a two-thirds (2/3) interest, including the mortgage on the Property held by Republic Federal.

SIXTEENTH: Therefore, in the event Plaintiff succeeds in establishing its entitlement to vacate all post-judgment transfers affecting the Property, as pleaded in its Complaint, such cancellation should only be to the extent of a one-third (1/3) interest in the Property, and the transfers should be deemed effective as to the extent of a two-thirds (2/3) interest in the Property.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

SEVENTEENTH:        Defendant Republic Federal repeats, realleges and reiterates each and every allegation in of the Paragraphs designated NINTH through SIXTEENTH of this Answer with the same force and effect as if set forth at length here.

EIGHTEENTH:        On May 18, 2007, Defendants Shueman Wong, Lam, Chan and Shueyin Wong gave a second mortgage on the Property to JP MORGAN CHASE BANK, N.A. ("Chase") in the original principal amount of $ 200,000.00, which was recorded in the Office of the City Register of Kings County on August 9, 2007.

4

NINETEENTH:     Notwithstanding that it has a mortgage of record on the Property, Chase has not been made a party defendant to this action.

TWENTIETH:     Inasmuch as Plaintiff's Complaint purports to join every party having an interest in the Property, Plaintiff has failed to join an indispensable party pursuant to Rule 19 of the Federal Rules of Civil Procedure.

### AS AND FOR A FIRST COUNTERCLAIM
### AGAINST PLAINTIFF U2 HOME ENTERTAINMENT, INC.:

TWENTY-FIRST:     Defendant Republic Federal repeats, realleges and reiterates each and every allegation of the Paragraphs designated NINTH through TWENTIETH of this Answer with the same force and effect as if set forth in full here.

TWENTY-SECOND: This counterclaim is compulsory because it arises from the same transaction or occurrence as the claims set forth in the Complaint of Plaintiff.  The claim is therefore within the supplemental jurisdiction of the District Court under 28 U.S.C. § 1367(a).

TWENTY-THIRD:     At the time Defendant Yuan executed the deed transferring title to the subject premises to Defendant Yuen and Defendant Lee, the Property was encumbered by a mortgage that had been made by all three of those Defendants, as joint obligors, to HSBC MORTGAGE CORPORATION USA ("HSBC") in the principal amount of $ 499,000.00 ("the Original HSBC Mortgage"), which had been recorded in the Office of the City Register for Kings County on April 18, 2005.

TWENTY-FOURTH:     The Original HSBC Mortgage was therefore prior to the Judgment held by Plaintiff against Defendant Yuan.

TWENTY-FIFTH:     Upon transferring his interest in the Property to Defendant Yuen and Defendant Lee, Defendant Yuan's obligations on the Original HSBC Mortgage

were extinguished by payment of those obligations out of the proceeds of a new mortgage loan given by HSBC to Defendant Yuen and Defendant Lee on June 30, 2005, which was also in the original principal amount of $ 499,000.00 ("the New HSBC Mortgage").

TWENTY-SIXTH:    In turn, HSBC was reimbursed for the amounts that it had expended to satisfy the Original HSBC Mortgage when the New HSBC Mortgage was paid off out of the proceeds of the mortgage loan given by Republic Federal on October 18, 2005 to Defendants Shueman Wong, Lam, Chan and Shueyin Wong to finance their purchase of the Property.

TWENTY-SEVENTH:    By reimbursing HSBC, Republic Federal was subrogated to the rights HSBC had in the Original HSBC Mortgage.

TWENTY-EIGHTH: Therefore, in the event Plaintiff obtains judgment vacating any deed or deeds to Property made subsequent to its judgment, then Republic Federal is entitled to judgment against Plaintiff declaring Republic Federal's lien to be superior to Plaintiff's judgment to the extent of the Original HSBC Mortgage under the doctrines of equitable subrogation and/or unjust enrichment, as Plaintiff would receive a windfall if it were able to execute its judgment against the Property free of the liens that encumbered it at the time Defendant Yuan transferred his interest in the Property.

## **DEMAND FOR JUDGMENT:**

Defendant THE HEMISPHERE NATIONAL BANK n/k/a REPUBLIC FEDERAL BANK therefore requests that judgment be entered as follows:

A.    that Plaintiff U2 HOME ENTERTAINMENT, INC. take nothing;

B.    for Defendant THE HEMISPHERE NATIONAL BANK n/k/a REPUBLIC FEDERAL BANK on all claims presented by Plaintiff U2 HOME ENTERTAINMENT, INC.;

C.    or in the alternative, for Defendant THE HEMISPHERE NATIONAL BANK n/k/a REPUBLIC FEDERAL BANK and against Plaintiff on the counterclaim for equitable subrogation and/or unjust enrichment, in the event that Plaintiff prevails on its claims against the Defendants in the Complaint;

D.    that Defendant THE HEMISPHERE NATIONAL BANK n/k/a REPUBLIC FEDERAL BANK be awarded its costs and other disbursements in connection with the defense of this suit and presentation of its counterclaim; and

E.    for any other relief to which Defendant THE HEMISPHERE NATIONAL BANK n/k/a REPUBLIC FEDERAL BANK is entitled.

Dated: November 9, 2007

Respectfully submitted,

s/ DMR_____
Robert Gutman (RG-6209)
D. Michael Roberts (DR-5243)
SANDERS, GUTMAN & BRODIE, P.C.
Attorneys for Defendant THE
        HEMISPHERE NATIONAL BANK
        n/k/a REPUBLIC FEDERAL BANK
26 Court Street, Suite 1005
Brooklyn, New York  11242
Tel. (718) 522-0666