UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

U2 HOME ENTERTAINMENT, INC.,                          :

                              Plaintiff,        :      Case No. 07 CV 6013

              - against -                          :

WEI PING YUAN a/k/a WEI PING YUEN, HUNG MUI    :      **REPLY TO**
YUEN a/k/a HUNG MUI YUAN,  YEE MUI LEE,         :      **COUNTERCLAIM**
SHUEMAN WONG, SHUEYIN WONG, CHUN HIU            :
LAM, CHI TING CHAN, MORTGAGE ELECTRONIC         :
REGISTRATION SYSTEMS, INC. and THE              :
HEMISPHERE NATIONAL BANK n/k/a REPUBLIC         :
FEDERAL BANK,                                   :
                                       :

                         Defendants.        :
-------------------------------------------------------------------- X

        Plaintiff, U2 Home Entertainment, Inc. ("Plaintiff") by its attorneys, Tarter Krinsky &

Drogin, LLP, as and for its Reply to the Counterclaim of Defendant The Hemisphere National

Bank n/k/a Republic Federal Bank ("Hemisphere") alleges as follows:

        1.      By way of response to paragraph 21 of the Counterclaim, denies the allegations

repeated and realleged to the extent that such allegations are inconsistent with the allegations set

forth in the Complaint.

        2.      With respect to the allegations contained in paragraph 22 of the Counterclaim,

objects to the extent that said allegations contain conclusions of law to which no response is

required and otherwise denies knowledge or information sufficient to form a belief.

        3.      Denies knowledge or information sufficient to form a belief as to the allegations

contained in paragraph 23 of the Counterclaim.

        4.      With respect to the allegations contained in paragraph 24 of the Counterclaim,

objects to the extent that said allegations contain conclusions of law to which no response is

required and otherwise denies.

5.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 of the Counterclaim.

6.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of the Counterclaim.

7.     With respect to the allegations contained in paragraph 27 of the Counterclaim, objects to the extent that said allegations contain conclusions of law to which no response is required and otherwise denies.

8.     Denies the allegations contained in paragraph 28 of the Counterclaim.

### FIRST AFFIRMATIVE DEFENSE

9.     The Counterclaim fails to state a claim for which any relief can be granted

### SECOND AFFIRMATIVE DEFENSE

10.     The Counterclaim fails to comply with the requirements of the New York State Real Property Actions and Proceedins Law.

### THIRD AFFIRMATIVE DEFENSE

11.     Plaintiff's alleged damages were caused by the conduct of unrelated person(s) and/or party(ies) over whom Plaintiff was not obligated to exercise control.

### FOURTH AFFIRMATIVE DEFENSE

12.     To the extent Hemisphere has any alleged damages, it has an adequate remedy at law.

2

**WHEREFORE**, Plaintiff demands judgment as follows:

A.      Dismissing the Counterclaim with prejudice;

B.      Awarding it the relief sought in the Complaint;

C.      For such other and further relief as this Court may deem just and proper.

Dated: New York, New York
        March 11, 2008

                                TARTER KRINSKY & DROGIN LLP
                                *Attorneys for Plaintiff,*

                                By:_____
                                        Edward R. Finkelstein [EF-2805]
                                        1350 Broadway-11th Floor
                                        New York, New York 10018
                                        212-216-8000

{Client\002237\L730\00124463.DOC;1}