UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
U2 HOME ENTERTAINMENT, INC.,
                               :

              Plaintiff,        REPORT & RECOMMENDATION
                               :

        -against-          07 Civ. 6013 (DLC)(MHD)
                               :

WEI PING YUAN a/k/a WEI PING YUEN
et al.,                        :

             Defendants.   :
----------------------------------x

TO THE HONORABLE DENISE L. COTE, U.S.D.J.:


    Plaintiff U2 Home Entertainment, Inc. commenced this lawsuit against seven individuals and two institutions to seek to set aside a series of conveyances of real property among the individual defendants and to cancel a mortgage on one piece of property. The relief was sought under Fed. R. Civ. P. 69 to aid in the enforcement of a judgment for $7.350 million entered on May 31, 2005 against defendant Wei Ping Yuan and a company that he controlled.


    Following service of the complaint on all of the individual defendants, plaintiff sought by a order to show cause the entry of a default judgment against four of them because they have failed to answer or otherwise respond to the complaint. The order to show cause was signed by the court on April 11, 2008 and made returnable April 22, 2008. The targets of the relief sought in this

1

application are defendants Shueman Wong, Shueyin Wong, Chun Hiu Lam and Chi Ting Chan.

At a hearing held, as scheduled, on April 22, 2008, plaintiff appeared through counsel and represented that each of the four defaulting defendants had been served both by Fedex and by nail-and mail-service. Notwithstanding that service, none of the defendants appeared at the hearing and none has filed any papers in opposition to the plaintiff's application.

In the absence of any opposition, we take as true the representations of counsel in plaintiff's application. He reports that plaintiff commenced this lawsuit on June 25, 2007 and served summonses and copies of the complaint on the four defaulting defendants by personal delivery on October 22, 2007 to a "John Smith", described as "a person of suitable age and discretion, who identified himself as a co-tenant of the Defaulted Defendants" at their residence at 2116 West 10th Street, Brooklyn, New York. (Declaration of Edward R. Finkelstein, Esq., executed April 8, 2008, at ¶ 7; Affidavits of Service of Joel Rios, sworn to Oct. 26, 2007). The process server then mailed copies of the summons and complaint to each defendant at the same address by first-class mail placed in an envelope marked "Personal and Confidential". (Finkelstein Decl. ¶ 8; Rios Affs.)

Despite proper service, these defendants have not filed any response to the complaint, as reflected in the Clerk's Certificate of Default. (Finkelstein Decl. ¶ 9 & Ex. 4). Accordingly, entry of a default judgment against them is appropriate.

As for the terms of the judgment, plaintiff seeks cancellation of a deed reflecting transfer of title to these four defendants of a property at 1545 74th Street in Brooklyn, New York, at Block 6202, Lot 60. This is the relief sought against these defendants in the complaint, based on the allegation that the transfer of this property by the judgment debtor rendered him insolvent and was done to defeat the enforcement of the May 31, 2005 judgment against him.[1]

In seeking this relief at the present time, plaintiff does not explain how it can obtain this remedy solely on the basis of these defendants' default. The problem is that, as the complaint recites, the Hemisphere National Bank, now known as the Republic Federal Bank, may currently have a lien on the property since it advanced

---

[1] More specifically, the complaint alleges that on June 30, 2005, only one month after the entry of the $7.350 million judgment, the judgment debtor purported to sell the property to two other defendants for $170,000.00 and that those defendants in turn sold the property to the defaulting defendants on October 18, 2005 for $1,185,000.00. (Compl. ¶¶ 21-22). Those defendants at the same time took a mortgage loan of $860,250.00 on the property, apparently to finance their purchase. (Id. ¶ 23).

a loan to the defaulting defendants based on their mortgaging the property. In its answer, Republic Federal asserts that the defaulting defendants gave a second mortgage to J.P. Morgan Chase Bank, which has not been joined as a defendant in this lawsuit. (Answer and Counterclaim of Hemisphere Nat'l Bank, n/k/a Republic Federal Bank at ¶¶ 18-19). Additionally, Republic Federal claims, the property was encumbered by a mortgage made to HSBC Mortgage Corporation USA by defendants Yuan, Yuen, and Lee in the amount of $499,000.00, which was recorded on April 18, 2005, before the judgment against defendant Yuan and the conveyance to defendants Yuen and Lee. (Id. at ¶ 23). Defendant Yuan's obligation under that mortgage was subsequently extinguished by payment to HSBC when defendants Yuen and Lee received a new mortgage loan from HSBC in the same amount. (Id. at ¶ 25). Finally, the HSBC mortgage was satisfied by the proceeds of the $860,250.00 mortgage loan given to the defaulting defendants by Republic Federal. (Id. at ¶ 26). In its counterclaim, Republic Federal asserts that, by reimbursing HSBC, Republic Federal was subrogated to HSBC's rights in the original, pre-judgment mortgage, and that therefore its lien is superior to plaintiff's judgment to the extent of the original HSBC mortgage.

Given the apparent financial interest of Republic Federal in the property at issue, and the lack of clarity as to the effect, if

any, of cancellation of the defaulting defendants' deed on the Bank's lien, it would be inappropriate to grant plaintiff the requested relief without affording Republic Federal an opportunity to be heard. Accordingly, we conclude that the court should refrain from granting the relief specifically sought by plaintiff based solely on the default of the defaulting defendants. See Frow v. De La Vega, 82 U.S. 552, 554 (1872); Lawrence v. Vaman Trading Co., 1993 US Dist. LEXIS 7161 at *4-5 (S.D.N.Y. 1993); Foremost Guaranty Corp. v. Public Equities Corp., 1988 US Dist. LEXIS 10509 at *4-5 (S.D.N.Y. 1988).

CONCLUSION

For the reasons noted, we recommend that plaintiff's motion be granted to the extent of declaring that defendants Shueman Wong, Shueyin Wong, Chun Hiu Lam and Chi Ting Chan are in default. As for the ultimate relief of cancelling the deed transferring the property to them, we recommend denial without prejudice, and issuance of a directive that plaintiff make an application on notice to the defendant Bank.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objections shall

Brooklyn, New York 11223

the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable Denise L. Cote, Room 1040, and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York 10007-1312. Failure to file timely objections may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 150 (1985), reh'g denied, 474 U.S. 1111 (1986); DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: New York, New York
       April 25, 2008

_____
MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE

6

Copies of the foregoing Reort and Recommendation have been mailed today to:

Edward R. Finkelstein, Esq.
Tarter Krinsky & Drogin, LLP
1350 Broadway
11th Floor
New York, New York 10018

Shueman Wong
2116 West 10th Street
Brooklyn, New York 11223

Shueyin Wong
2116 West 10th Street
Brooklyn, New York 11223

Chun Hiu Lam
2116 West 10th Street
Brooklyn, New York 11223

Chi Ting Chan
2116 West 10th Street
Brooklyn, New York 11223

7